**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

VIVEK SHAH
    Appellant,

        vs.

RUSSCO57, LLC,
    Appellee.

9th Cir. Case No. 26-249

District Court Case No.
2:25-cv-12371-PA-MAR

**APPELLANT'S INFORMAL OPENING BRIEF**

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.    Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? January 9, 2026

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c.  What date did you file your notice of appeal? January 9, 2026

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. 26-249                                    Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.     What are the facts of your case?

I filed this action under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a), alleging that Defendant Russco57, LLC intercepted the contents of my website search communications in real time through embedded third-party tracking and analytics code on its website.

I alleged that Defendant Russco57, LLC is an Oklahoma limited liability company, a citizen of Oklahoma, with its principal office located in Oklahoma. I alleged that I am a citizen of California. I invoked diversity jurisdiction under 28 U.S.C. § 1332(a).

The Complaint and First Amended Complaint alleged twenty-eight separate interceptions of my electronic communications, each constituting a separate violation of Cal. Penal Code § 631(a). Each violation carries statutory damages of $5,000 under Cal. Penal Code § 637.2, placing more than $75,000 in controversy on the face of the pleadings.

The district court dismissed the Complaint *sua sponte* immediately upon docketing for lack of subject-matter jurisdiction, before Defendant was served and before Defendant appeared. After I filed a First Amended Complaint, the district court again dismissed the action *sua sponte* without permitting any jurisdictional discovery, concluding that I failed to allege the citizenship of Defendant's LLC members and that the amount in controversy was insufficient.

The dismissal occurred without any opportunity to develop jurisdictional facts that were not publicly available and were uniquely within Defendant's control.

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.     What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

9th Cir. Case No. 26-249                                                    Page 3

I asked the district court to exercise diversity jurisdiction under 28 U.S.C. § 1332(a), adjudicate my claim under the California Invasion of Privacy Act, Cal. Penal Code § 631(a), and award statutory damages of $5,000 per violation and injunctive relief as authorized by Cal. Penal Code § 637.2.

4.    What legal claim or claims did you raise in the district court or at the BAP?

I raised a single statutory claim under the California Invasion of Privacy Act, Cal. Penal Code § 631(a), alleging unlawful interception of electronic communications. The First Amended Complaint pleads twenty-eight counts (amounting to $140,000 in total) under that statute, each count corresponding to a separate interception event.

5.    **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

N/A

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.    What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

I am asking this Court to review whether the district court erred in dismissing this action for lack of subject-matter jurisdiction.

First, the district court erred by dismissing the case *sua sponte* immediately upon filing, before Defendant was served or appeared, and without permitting any opportunity to conduct jurisdictional fact-finding, even though diversity jurisdiction depended on non-public LLC membership information uniquely within Defendant's control.

Second, the district court erred by concluding that the First Amended Complaint failed to satisfy the amount-in-controversy requirement. The pleading alleged twenty-eight violations of the California Invasion of Privacy

Act, each carrying $5,000 in statutory damages, placing more than $75,000 in controversy on the face of the complaint.

Third, the district court erred by dismissing the action without permitting limited jurisdictional discovery or other factual development, rather than allowing the jurisdictional issue to be resolved on a factual record.

Fourth, the district court failed to apply the liberal construction required for *pro se* pleadings. Rather than construing the jurisdictional allegations in the light most favorable to a *pro se* litigant and permitting clarification or limited factual development, the court dismissed the action without allowing any meaningful opportunity to cure.

7.   Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: No.

If not, why not? No opportunity was provided to argue anything in the entire case.

8.   What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

At the pleading stage, factual allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Pro se* pleadings are held to less stringent standards and must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Jurisdictional allegations may be corrected or clarified, and dismissal is improper where the pleadings, read as a whole, plausibly establish diversity and an amount in controversy exceeding $75,000. This Court has recognized that when subject-matter jurisdiction depends on incomplete or missing facts—particularly involving LLC citizenship—courts should permit factual development rather than foreclose review. In *Stalwart Cap., LLC v. iCap Pac. Nw. Opportunity & Income Fund, LLC*, 715 F. App'x 794, 795 (9th Cir. 2018), this Court held that when the record is insufficient to establish diversity jurisdiction, "it is common to remand to the district court to conduct fact-finding about the parties' citizenship," rather than dispose of the case outright.

9th Cir. Case No. 26-249                                                    Page 5

9.    **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

*Shah v. JPMorgan Chase Bank, N.A.*, No. 25-6333
*Shah v. Robinhood Credit, Inc.,* No. 25-6713

**Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

*Shah v. Blueground US, Inc.*, No. 23−55799

Dated: January 13, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224)246-2874